IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00780-MSK-MJW

VON J.  PHATHONG, and
JENNIFER D.  PHATHONG,

Plaintiffs,

v.

TESCO CORPORATION (US),

Defendant.

---

**ORDER REGARDING
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH
SUBPOENA (DOCKET NO. 47)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Protective Order and Motion to Quash Subpoena (docket no. 47).  The court has reviewed the subject motion (docket no. 47), the response (docket no. 62), and the reply (docket no. 68).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and district of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiffs seek an Order from this court quashing the subpoena *duces tecum* served by Defendant upon one of Plaintiffs' counsel, Steven G. Greenlee.  Plaintiffs also seek a protective order preventing the deposition of Plaintiffs' counsel, Steven G. Greenlee;

5. That the Tenth Circuit has stated: "Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation."  <u>Boughton v. Cotter Corp.</u>, 65 F.3d 823, 829 (10th Cir. 1995);

6. That before a party may depose its opposing counsel, it first must make a showing that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."  *See* <u>id.</u>  In this case, Defendant has not met this burden;

7. That Defendant has failed to show that no other means exist to obtain the information other than to depose Mr. Greenlee.  To the contrary, it is apparent that the requested information is available from numerous other sources.  In particular, Defendant could depose both Plaintiffs; analyze all of the documents that were disclosed by EnCana to the Plaintiffs and their counsel in the state

3

litigation against EnCana in November 2008 which have been disclosed in this case; interview, depose, or obtain affidavits from Tesco's current and former employees or representatives; interview, depose, or obtain affidavits from former Turnkey employees or representatives; interview, depose, or obtain affidavits from the Texas Department of Worker's Compensation and Zurich Insurance Company; and subpoena documents from Turnkey, EnCana, Texas Department of Worker's Compensation, and Zurich Insurance Company; and,

8. That Defendant has failed to show how the deposition of Mr. Greenlee is crucial to the Defendant's case. Further, that Defendant has failed to demonstrate any cogent basis for its belief that Mr. Greenlee has non-privileged or other non-protected information about Plaintiff Mr. Phathong's employment or worker's compensation claim. For all of these reasons listed above, the subject motion should be denied.

### ORDER

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **ORDERS**:

1. That Plaintiffs' Motion for Protective Order and Motion to Quash Subpoena **(docket no. 47)** is **GRANTED**. Defendant is not permitted to take the deposition of Plaintiffs' counsel, Steven G.

4

Greenlee.  The subpoena *duces tecum* served by Defendant upon Plaintiffs' counsel, Steven G. Greenlee, along with Defendant's Notice of Deposition are quashed pursuant to Fed. R. Civ. P. 26(c)(1)(A) and 45(c)(3)(A)(iii) and (iv); and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 9th day of March 2011.

                                                BY THE COURT

                                                s/Michael J. Watanabe
                                                MICHAEL J. WATANABE
                                                U.S. MAGISTRATE JUDGE