**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00780-WJM-MJW

VON J. PHATHONG, and
JENNIFER D. PHATHONG,

      Plaintiffs,

v.

TESCO CORPORATION (US),

      Defendant.

---

## ORDER ON PLAINTIFFS' MOTION *IN LIMINE*

---

Plaintiffs Von J. Phathong and Jennifer D. Phathong bring this action against

Defendant Tesco Corporation (US) based on injuries Mr. Phathong allegedly sustained

on December 13, 2005 while working on Defendant's drill rig in Rifle, Colorado.  (ECF

No. 44.)  Plaintiffs bring claims for negligence, premises liability, and loss of consortium.

(*Id.* at 6-7.)  Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.  (*Id.*

at 1.)  The trial of this action is scheduled to commence on June 4, 2012, with the Final

Trial Preparation Conference set for May 17, 2012.  (ECF No. 104, 105.)

This matter is before the Court on Plaintiffs' Motion *in Limine* (the "Motion").

(ECF No. 95.)  Plaintiffs seek to preclude evidence from being admitted at trial

regarding:  (1) any collateral source payments (insurance, social security, and worker's

compensation) made to Plaintiffs following the incident at issue; (2) altercations that Mr.

Phathong was involved in prior to December 2005; and (3) certain personal information

regarding Mr. and Mrs. Phathong.  (*Id.* at 2-8.)

Plaintiffs' counsel represents that Defendant objects to the Motion as to the first two issues, but does not object as to the third issue.  (*Id.* at 2, 5, 7.)  This is confirmed by Defendant's Response to the Motion.  (ECF No. 100.)  The Court proceeds to discuss the two contested issues and the uncontested issue.

## I.  ANALYSIS

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law."  *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006).  "Nevertheless, it is well recognized that Congress did not intend the procedural rules to preempt the so-called substantive state rules of evidence . . . ."  *Id.*; *see also Romine v. Parman*, 831 F.2d 944, 945 (10th Cir. 1987) (stating that, although "admissibility of evidence in diversity cases in federal court is generally governed by federal law," state law must be applied when "an evidentiary question is so dependent on a state substantive policy").  In addressing each evidentiary issue below, the Court will determine what law applies to each issue.

## A.   Collateral Source Payments

The Court applies Colorado law in determining whether the collateral source rule bars admission of evidence regarding collateral sources of payments made to Plaintiffs following the incident.  *See Sims*, 469 F.3d at 880 ("[Federal procedural rules do not] preempt the so-called substantive state rules of evidence, such as . . . the collateral source rule . . . ."); *Macsenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001) (applying state law in determining whether evidence would be inadmissible under collateral source rule).

"Under the common law collateral source rule, . . . [a]ny third-party benefits or gifts obtained by the injured plaintiff accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability." *Volunteers of Am. Colo. Branch v. Gardenswartz*, 242 P.3d 1080, 1082-83 (Colo. 2010). "To ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, [the common law collateral source rule also dictates that] such evidence is inadmissible at trial." *Id.* at 1083.

In 1986, the Colorado General Assembly passed Colorado Revised Statute § 13-21-111.6, which abrogated the common law collateral source rule in part. That statute provides,

> In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; *except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person.* The court shall enter judgment on such reduced amount.

Colo. Rev. Stat. § 13-21-111.6 (emphasis added).

Plaintiffs argue that the collateral sources at issue – insurance, social security, and worker's compensation – fall within the statutory exception italicized in the block quote above. Defendant's Response does not call into question this conclusion, and case law interpreting Colorado Revised Statute § 13-21-111.6 supports Plaintiffs' argument. *See Barnett v. Am. Family Mut. Ins. Co.*, 843 P.2d 1302, 1309 (Colo. 1993)

3

(holding that collateral source rule precluded setoff of Social Security benefits that were based on payments made under a contributory insurance system); *Frost v. Schroeder & Co., Inc.*, 876 P.2d 126, 128 (Colo. App. 1994) (stating that the purpose of the statutory exception is "to allow recovery to a claimant who . . . contracted for and purchased . . . some type of insurance or other protection against accident-induced losses without penalizing such a person for his or her prudence"); *Combined Commc'ns Corp., Inc. v. Pub. Serv. Co. of Colo.*, 865 P.2d 893, 902 (Colo. App. 1993) (holding that "verdicts were not subject to being set off by the amounts of [workers' compensation] benefits" because the "benefits were received as a result of the employees' contracts of hire"); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491, 2011 WL 4501923, at *4-*7 (D. Colo. Sept. 28, 2011).

Instead, Defendant argues that Colorado Revised Statute § 13-21-111.6 only applies to a court's reduction of a jury verdict, and does not apply to the issue of whether evidence of collateral sources should be admissible at trial.  While this argument is correct, it does not aid Defendant's position.  The common law collateral source rule provides that evidence of collateral sources of revenue is inadmissible at trial.  *Gardenswartz*, 242 P.3d at 1083.  As the Colorado Court of Appeals has held, Colorado Revised Statute § 13-21-111.6, although requiring courts to reduce jury verdicts based on certain collateral sources of revenue, does not alter the common law rule that such evidence should not be heard by juries and is therefore inadmissible at trial.  *See Crossgrove v. Wal-Mart Stores, Inc.*, No. 09CA0689, 2010 WL 2521744, at *5-*7 (Colo. App. June 24, 2010).

Evidence regarding these collateral source payments will be inadmissible at trial.

4

The Court directs counsel on both sides not to mention this issue in front of the jury at

trial, and also directs counsel to instruct their witnesses not to mention the issue at trial.

**B.      Evidence of Prior Altercations Involving Mr. Phathong**

In their Motion, Plaintiffs also point out that Mr. Phathong testified at his

deposition regarding certain fights he had gotten into prior to the December 13, 2005

incident.  (ECF No. 95, at 5.)  Plaintiffs argue that any injuries sustained by Mr.

Phathong during those fights are not related to the injuries for which Plaintiffs seek

recovery in this action, and that evidence of those fights would be unfairly prejudicial to

Plaintiffs.  (*Id.* at 5-7.)  In Response, Defendant argues that evidence of Mr. Phathong's

pre-existing injuries is relevant because those injuries are related to the injuries

sustained by Mr. Phathong on the drill rig, and that to understand the pre-existing

injuries it is important for the jury to hear the causes of those injuries.  (ECF No. 100, at

3-4.)

The parties have not identified, and the Court is not aware of, any substantive

Colorado rule of evidence or substantive Colorado policy that would require the Court to

depart from the general rule that the Federal Rules of Evidence governs the

admissibility of this evidence.  Under the Federal Rules of Evidence, "'[r]elevant

evidence' means evidence having any tendency to make the existence of any fact that

is of consequence to the determination of the action more probable or less probable

than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence is

generally admissible at trial, Fed. R. Evid. 402, but "may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or

5

needless presentation of cumulative evidence," Fed. R. Evid. 403.

The Court does not have sufficient information before it to rule on Plaintiffs'

Motion *in Limine* as to the admissibility of evidence establishing Mr. Phathong's pre-

existing medical conditions.  Such pre-existing medical conditions would be relevant in

this action if the incident on the drill rig merely worsened those pre-existing injuries, as

opposed to the drill rig incident causing entirely independent injuries.  However, the

parties' arguments on these issues do not sufficiently indicate what the evidence at trial

will actually show in terms of the relatedness of pre-existing injuries and the injuries

caused by the drill rig incident.  The Court will rule on this issue as it arises at trial.

However, the Court will rule at this time on Defendant's argument that it should

be allowed to admit evidence of the *cause(s)* of those pre-existing injuries.  It is clear

that Defendant seeks to admit evidence regarding the actual fights in which Mr.

Phathong has been involved.  While the pre-existing injuries that Mr. Phathong had may

be relevant in this action, the *cause(s)* of those injuries has little to no relevance.  In

addition, any relevance of the cause(s) of Mr. Phathong's pre-existing injuries is

substantially outweighed by the danger of unfair prejudice, confusing the issues, and

misleading the jury.  *See* Fed. R. Evid. 403.  Evidence that Mr. Phathong has previously

gotten in fights may unfairly prejudice the jury against him in a case where the jury's

focus should be on the December 13, 2005 drill rig incident.  Evidence regarding the

cause(s) of Mr. Phathong's pre-existing injuries will be inadmissible at trial.  The Court

directs counsel on both sides not to mention this issue in front of the jury at trial, and

also directs counsel to instruct their witnesses not to mention the issue at trial.

**C.      Evidence Related to Mr. and Mrs. Phathong's Relationship**

Finally, Plaintiffs' Motion seeks to preclude the admission of evidence related to the age difference between Mr. and Mrs. Phathong, when Mrs. Phathong first became pregnant, and the fact that Mrs. Phathong dropped out of school when she became pregnant.  Again, Plaintiffs' Motion indicates that Defendant does not oppose the request, and indeed Defendant does not address the issue in its Response.  The Court will preclude evidence from being admitted at trial regarding these issues.  The Court directs counsel on both sides not to mention these issues in front of the jury at trial, and also directs counsel to instruct their witnesses not to mention the issues at trial.

## II.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1.      Plaintiffs' Motion *in Limine* is GRANTED IN PART, and the Court RESERVES RULING IN PART;

2.      Plaintiffs' Motion *in Limine* is GRANTED in so far as the Court herein rules that:

     a.      Evidence of any collateral source payments (insurance, social security, and worker's compensation) made to Plaintiffs following the incident at issue will be inadmissible at trial;

     b.      Evidence regarding the cause(s) of any of Mr. Phathong's pre-existing medical conditions will be inadmissible at trial;

     c.      Evidence regarding the age difference between Mr. and Mrs. Phathong, when Mrs. Phathong first became pregnant, and the fact that Mrs. Phathong dropped out of school when she became pregnant will be

inadmissible at trial; and

3.     The Court reserves ruling on Plaintiffs' Motion *in Limine* as to the issue of

whether evidence of Mr. Phathong's pre-existing medical conditions will be

admissible at trial.

Dated this 11th day of April, 2012.

BY THE COURT:

_____

William J. Martínez
United States District Judge