UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cv-00780-WJM-MJW

VON J. PHATHONG and
JENNIFER D. PHATHONG,

    Plaintiffs,

vs.

TESCO CORPORATION (US),

    Defendant.

---

**PLAINTIFFS' PROPOSED VOIR DIRE**

---

    Plaintiff s, by and through their counsel of record, submit the following proposed voir dire for the June 4, 2012 trial:

1.    Do any of you have difficulty understanding or reading English?

2.    Do any of you have a physical disability, such as a hearing or vision problem that would prevent you from serving as a member of the jury?

3.    This trial is expected to take 7 days to complete. Will any of you find it difficult or impossible to participate for this period of time?

    If yes, please explain why.

4.    Next, I would like the parties and their attorneys to introduce themselves. Please pay careful attention because in a few minutes I will ask whether any of you have met any of these people before, or have had any dealings or other connections with any of them.

    [Attorneys introduce themselves, their firm names, and the parties/party representatives]

5.    Have any of you heard of, or been acquainted with, any of these parties or their attorneys, or any persons employed in the same offices as the attorneys?

6. Are any of you related to me, friends of mine, or related to, or friends of, any of the court staff whom I introduced earlier?

7. Do any of you have a personal interest in the outcome of this case?

8. During the past five years, have any of you served on a jury or been excluded from a jury?

Was it a civil or a criminal case?

If civil, what, in general, was the case about?

Without telling me the outcome, or who won, please tell me whether or not the jury reached a verdict.

Will you be able to put aside your prior jury experience as you sit in this case, to ignore completely anything you learned about the law or evidence in those cases, and decide this case solely on the basis of the evidence admitted during this trial and the law as the judge instructs you in it?

9. There is a substantial difference between the burden of proof in a criminal trial and the burden of proof in a civil trial. In a criminal trial, the prosecution must prove all the essential facts beyond a reasonable doubt. In a civil trial such as this one, by contrast, the burden of proof is less demanding. To win a civil case, plaintiff must prove all the essential facts by a preponderance of the evidence, which means that after the jury takes into account the evidence the defendants have presented, the jury concludes that the essential facts are more likely true than not true.

Do any of you think you would have any difficulty in applying the preponderance of the evidence standard in this civil action?

10. Have you ever suffered physical or emotional injuries in an accident?

Can you generally describe the accident and the injuries?

Was a claim or lawsuit brought by you or another person as a result of that accident?

Did you feel that justice was done in that lawsuit?

Do you think your experience with that accident and/or lawsuit will affect your ability to determine this case fairly be impartial in this case?

11. Have you, or has anyone in your immediate family, been a party (either as a plaintiff or as a defendant) to any civil lawsuit, whether or not it arose from an accident?

If so, please raise your hand.

If so, who (you or a family member) was the party to the case?

Was the person a plaintiff or a defendant?

What was the nature of the case?

Was it tried to a jury?

What was the outcome?

Do you believe justice was done in that lawsuit?

Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, only on the basis of the evidence admitted during this trial and the law as the judge instructs you in it?

12. Have you ever been a witness in any lawsuit? Please raise your hand.

Who did you testify for?

What was the nature of the case?

Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence admitted during this trial and the law as the judge instructs you in it?

13. In this case you will hear about a company called Tesco Corporation (US). Have any of you or your family members ever had any dealings with Tesco?

What was the nature of your dealings?

Do you have any bias or prejudice, either for or against, Tesco?

Is there anything about those dealings that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence admitted during this trial and the law as the judge instructs you in it?

14. Have you ever had any experiences with any kind of drilling rig, including oil and gas drilling rigs?

Please explain your experience.

Is there anything about that experience that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence admitted during this trial and the law as the judge instructs you in it?

15. Have any of you or any of your family members or close friends been involved in any aspect of the oil and gas industry in Colorado or elsewhere? Please raise your hands.

What was the nature of that involvement?

Based on the involvement in the oil and gas industry that you just described, do you have any specific feelings or opinions about the oil and gas industry or oil and gas companies, either positive or negative?

Is there anything about the involvement in the oil and gas industry that you just described that would cause you to question your ability to decide this case fairly and impartially, solely on the basis of the evidence admitted during this trial and the law as the judge instructs you in it?

16. Have you, or has anyone in your immediate family, attended law school or had any other training in the law?

If so, will you put whatever knowledge of the law you may have acquired before today out of your mind during this trial, and will you promise to apply only those legal principles in which the judge instructs you?

17. Do you have any specific feelings or opinions about lawsuits, lawyers, or the parties who bring lawsuits, either positive or negative?

18. Do you have any personal objection to lawsuits that seek monetary compensation for injuries and damages suffered?

19. Plaintiffs in this case are asking for both economic and non-economic damages.

Economic damages include monetary costs to the plaintiff such as out-of-pocket past and future medical expenses. Non-economic damages include intangible costs such as physical pain, mental suffering, lost earning capacity, emotional distress, humiliation, and psychological trauma.

Do any of you have any personal or moral objections to awarding non-economic damages?

20. Plaintiff in this case will be asking for millions of dollars to compensate him for his injuries, damages and losses. Would any of you have any personal or moral objections to awarding millions of dollars or would not award millions of dollars in damages to the Plaintiff even though the Plaintiffs have proven their case by the evidence pursuant to the law in this case?

21. Plaintiffs in this case are seeking punitive damages as a means of punishing the defendant. Do any of you have feelings about awarding punitive damages so strong that they might affect your decision on whether to award punitive damages, one way or the other?

Would you be unwilling to award punitive damages even if the evidence supported such an award?

22. Plaintiff Von Phathong is originally from the country of Laos and lives in Louisiana. Would these facts affect your ability to decide this case fairly or impartially?

23. Does anyone disagree with the proposition that a person's employer should be honest and transparent with its employees and not keep secret important information concerning that person's employment?

24. Do any you have any reluctance about serving as a juror?

25. Is there anyone who would feel any reluctance in joining the discussion with the members of the jury during deliberations?

26. Is there anyone who would feel offended if other members of the jury disagreed with their view of the evidence?

27. It is your duty as a juror to listen to the opinions and points of view of the other members of the jury. Would any of you be unwilling to listen to a fellow juror who disagreed with you?

28. It is also your duty as a juror to express your opinion or point of view regarding the evidence to the other members of the jury.

Is there anyone who would be unwilling to speak up and try to persuade other members of the jury who disagreed with your view of the evidence?

29. Is there anyone who would be unwilling to change an opinion if, after listening to the arguments of the other members of the jury, you were persuaded that your opinion was wrong?

30.     If you are selected to sit as a juror, will you be able and willing to render a verdict solely on the evidence presented at the trial and the law as the judge instructs you and not based upon your emotions, or any preconceived notions about the facts or the law in this case?  Is there anyone who thinks he or she cannot do that?

31.     Do you understand that you must follow the judge's instructions regarding the law whether you agree with the law or not?  If that idea troubles you, please let me know.

32.     Does anyone not believe in the American system of justice or the jury system?

33.     As a juror, you may have to resolve conflicts in the testimony of witnesses.  This means you may have to judge the witnesses and decide whether to believe or reject all or part of a witness's testimony or who is telling the truth.  Is there any juror who feels this is not something he or she can do?

34.     Can you think of any experience in your life or any other matter that occurs to you now that you think you should bring to my attention because it may have some bearing on your ability to be fair as a juror in this case?

35.     From what you have heard about this case thus far, is there anything that causes any of you to believe that you cannot be fair and impartial as a juror in this case?

36.     Do you have any bias or prejudice, for or against any of the attorneys in this case?

37.     Do you have any strong feelings good or bad about attorneys or lawsuits in general?

38.     Is there any reason at all why you can't be absolutely fair to either the plaintiffs or the defendants in this case?

39.     Having heard all the questions put to you, do you know of any reason why you could not sit on this jury and render a fair verdict based on the evidence presented and the legal instructions given to you?

Respectfully submitted this 14th day of May, 2012.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
***(Original signed copy on file at the law offices of Burg Simpson Eldredge Hersh & Jardine, P.C.***

*/s/ Steven G. Greenlee*

Michael S. Burg
Holly B. Kammerer
Steven G. Greenlee
Burg Simpson
Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, CO 80112
Phone: 303-792-5595
Fax: 303-708-0527
E-Mail: mburg@burgsimpson.com
hkammerer@burgsimpson.com
sgreenlee@burgsimpson.com
*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFFS' PROPOSED VOIR DIRE** were duly served this 14th day of May, 2012 to each of the following via ECF Filing and/or facsimile and/or U.S. Mail postage prepaid:

Richard A. Waltz
The Waltz Law Firm
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: (303) 830-8800
Facsimile: (303) 830-8850
Email: dwaltz@waltzlaw.com

/s/ *Mallory DeSanto*
Mallory DeSanto