UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cv-00780-WJM-MJW

VON J. PHATHONG and
JENNIFER D. PHATHONG,

      Plaintiffs,

vs.

TESCO CORPORATION (US),

      Defendant.

---

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S DISPUTED INSTRUCTIONS

---

      Plaintiffs, by and through their counsel of record, hereby submit their Objections to the

Defendant's Disputed Jury Instructions pursuant to the Court's Practice Standards Section VI.E,

and as grounds therefore, state as follows:

**DEFENDANT'S INSTRUCTION:**

   A. **Form Nature of the Case**[1]

      1. Plaintiffs object to this instruction on the grounds that this is a preliminary

        instruction.  Per the Court's Practice Standards, Section VI.A, "Preliminary

        instructions need not be submitted" because it is the Court's practice to read its "own

        set of preliminary instructions to the jury."


        Furthermore, this instruction is a statement of the case type instruction.  Per the

        Court's Practice Standards, Section VI.B, the parties are to prepare a proposed

---

[1] The Defendant's Disputed Instructions, filed with the Court on May 8, 2012, are identified as "Defendant's A-K".

stipulated "Statement of the Case."  This statement of the case instruction is not
stipulated.  The parties have attempted to stipulate to the required statement of the
case, but due to legal issues that need to be resolved before trial, the parties have been
unable to formulate the required stipulated Statement of the Case but will do so once
these issues are resolved at the Final Trial Preparation Conference.

Finally, the instruction does not accurately state the nature of the case and the claims.

2. Authority for the Objection:  Practice Standards, Sections VI.A and VI.B; See also
Plaintiffs' proposed changes to the Pre-Trial Order, Special Issues, regarding the
Negligence v. Premises Liability Issue.  See Paragraph B, below.

3. Alternate Instruction:  The alternate instruction will be the Stipulated Statement of the
Case instruction that the Court requires, and the Court's own preliminary instructions.
Authority for Alternate Instructions:  Practice Standards, Sections VI.A and VI.B.

**B. Form Multiple Recovery Prohibited**

1. This case will not be tried on multiple claims.  Either it will be a negligence case or a
premises case.  It cannot be both as a matter of law.  Also, as to the separate claim of
loss of consortium, Defendant's proposed instruction is misleading by suggesting that
the Jury cannot give a recovery to Von Phathong for his injuries and damages, and a
separate one to Jennifer Phathong for her injuries and damages.  Jennifer Phathong's
claims are not duplicative of Von Phathong's claims and the Jury can give separate

recoveries to both.  Defendant's instruction makes that issue confusing and potentially misleading.

2. Authority for the Objection:  Plaintiffs initially brought suit on alternative theories of negligence and premises liability.  Under Colorado law, these two claims are exclusive and both claims cannot proceed concurrently against Tesco.  See <u>Vigil v. Franklin</u>, 103 P.3d 322, 328 (Colo. 2004) (intent of the legislature in creating the premises liability statute was "to completely occupy the field and supercede the existing law in the area.")  Only if Tesco is deemed a "landowner" under the statute will the premises liability claim be the proper claim.  If it is not a landowner, then only the Plaintiffs' negligence claim can go forward.  The allegations in Plaintiffs' Complaint concerning the premises liability claim were brought to make certain Mr. Phathong was not left without a claim if the Court later decided the case was governed by the premises liability statute.  Defendant advised in the previous Pre-Trial Order that it anticipated filing a Motion regarding Plaintiffs' exclusive remedy is under the Colorado premises liability statute.  Defendant did not do so, but this issue must still be resolved before trial.  After further consideration of the facts of the case, the proposed jury instructions and additional review of the case law, Plaintiffs believe there is no basis for this case against Tesco being governed by the Colorado Premises Liability Act and Plaintiffs will withdraw their Premises Liability Claim, assuming the Court agrees.  This is a negligence case against a third-party contractor. Tesco does not fall within the definition of "landowner" under the statute.  That the injuries sustained by Mr. Phathong that were caused by the actions and inactions of Tesco—failing to make the rig safe, negligence in operating the rig, negligence in

3

training, etc.—happened to have occurred on a piece of property "owned" by someone does not make this a premises liability case against the person whose actions caused the injury.  The premises liability statute is not interpreted so broadly.  As the Supreme Court in <u>Pierson v. Black Canyon Aggregates, Inc.</u>, 48 P.3d 1215, 1221 (Colo. 2002) stated: "[T]he cause of action must arise out of an injury occurring on the real property of another and by reason of the condition of the property or activities or circumstances **directly related to the real property itself** in order to be within the rubric of the statute." (Emphasis added).  Mr. Phathong's injuries arise from Tesco's negligent actions in making the drilling operations on the drilling rig safe as well as from Tesco's negligent actions in training and supervising its workers – it is not "directly related to the real property itself."  The premises liability statute does not apply and this case should be submitted to the jury as a simple negligence claim.  Thus, there is no need for a Multiple Recoveries instruction.

Further, Jennifer Phathong's loss of consortium claim is a derivative, but separate claim.  "Though subject to the same defenses as the principal claim, derivative claims generally "are separate from the claims of the injured person." . . . As a separate claim, loss of consortium is a distinct cause of action, giving rise to a separate and individual right to recover damages." <u>Colorado Compensation Ins. Auth. v. Jorgensen</u>, 992 P.2d 1156, 1164 (Colo. 2000).

3.  Alternative Instruction:  No alternative instruction given because no instruction on multiple claims is necessary.

4

**C. CJI-Civ 5:2 Failure to Mitigate**

1. Plaintiffs object to Defendant's proposed Failure to Mitigate instruction because there is no evidence of a failure to mitigate. It is Defendant's burden to prove failure to mitigate and absence such proof, this instruction is improper. To the extent that Defendant proves a failure to mitigate, the form Failure to Mitigate instruction is appropriate, although the alleged failure as described in the instruction must accurately describe and comport with the evidence received at trial on the issue, if any.

2. Authority for Objection: "Failure to mitigate damages is an affirmative defense under C.R.C.P. 8(c) on which the defendant bears the burden of proof." City of Westminster v. Centric-Jones Constructors, 100 P.3d 472, 481 (Colo. App. 2003). See also CJI-Civ 5:2 Notes on Use: "This instruction should not be given unless the party asserting the duty to mitigate has properly pleaded the duty and there is sufficient evidence on the issue."

3. Alternative Instruction: Plaintiffs have not submitted an alternative instruction. The form instruction should be given if the evidence warrants.

4. Authority for Alternative: CJI-Civ 5:2

**D. CJI-Civ 8:7 and *Archer Daniels***

1. Instruction CJI-Civ 8:7 is a standalone instruction. Defendant seeks to improperly add additional and unrelated statements from case law that unnecessarily changes the form instruction. Further, the added language is not fully supported by the referenced

case law, and part of the added language may already be addressed by the Court's preliminary instructions.

2. Authority for the objection:  CJI-Civ 8:7; While <u>Archer Daniels Midland Co. v. State</u>, 690 P.2d 177, 182 (Colo. 1984) does state "Individual corporations qualify as 'persons' granted a legal interest in equal protection of state laws by the Fourteenth Amendment, the further language suggested by Defendant in the proposed instruction is not found in <u>Archer</u>.

3. Alternative Instruction:  Plaintiffs have submitted the form CJI-Civ 8:7 as the proper alternative instruction.

4. Authority for Alternative:  CJI-Civ. 8:7 is a form instruction.


**E. CJI-Civ. 9:6  Negligence**

1. Plaintiffs object to the Defendant's proposed instruction because it includes the optional assumption of the risk language that is not required by the instruction.  It is Defendant's burden to prove assumption of the risk and absence such proof, this part of the instruction is improper.

2. Authority for objection: <u>Carter v. Lovelace</u>, 844 P.2d 1288, 1290 (Colo. App. 1992) (Assumption of Risk instruction was improper because facts did not establish plaintiff assumed the risk).  CJI-Civ 9:6 Notes on Use: "The parenthesized second paragraph of this instruction should be given only in comparative negligence cases governed by § 13-21-111, C.R.S., in which there is sufficient evidence to support it."

3. Alternative Instruction:  Plaintiffs have submitted the form Negligence Instruction, CJI-Civ 9:6, without the assumption of the risk language.

4.  Authority for Alternative:  CJI-Civ 9:6 is a form instruction.

**F.  CJI-Civ 9:23 Comparative Fault**

1.  Plaintiffs object to this instruction because the Defendant will have to prove comparative fault to allow the instruction to be given.  Defendant has the burden to establish comparative fault.

2.  Authority for Objection:  Contributory negligence "is an affirmative defense, and the burden of proving it rests upon the defendant." Stevens v. Strauss, 147 Colo. 547, 551 (Colo. 1961). "Contributory negligence is not presumed." Id. See also CJI-Civ 9:21C Special Note (comparative fault instructions to be used "in cases where the comparative negligence or fault of the plaintiff is in issue . . ..").

3.  Alternative Instruction:  No alternative instruction submitted, but if this instruction is given, the form instruction should be given as written and the word "fault" should be changed to "negligence" to be consistent with the claim of negligence.

4.  Authority for Alternative:  If given, CJI-Civ 9:23 is a form instruction.

**G.  CJI-Civ 9:24  Non Parties**

1.  Plaintiffs object to this instruction because Defendant's designation of Turnkey and EnCana are improper.  Plaintiffs submit that Defendant's Non-Party at Fault Designations should be stricken.  With respect to Turnkey, the designation is a fallacy.  Tesco is trying to take advantage of the confusion and legal fiction it created with the retroactive business sale and employment scheme by claiming that Turnkey– which had no role whatsoever in the operations of the rig at the time that Mr.

Phathong was injured–was somehow responsible for Mr. Phathong's injuries.  Tesco's assertion that the retroactive nature of its sale of its entire drilling business to Turnkey makes Turnkey a responsible party for what happened to Mr. Phathong's injury is pure legal fiction.  Turnkey did not even exist vis-a-vis this drilling rig until after Mr. Phathong was injured.  It is undisputed that Tesco was in fact in charge of the drilling at the time Mr. Phathong was injured and that Tesco was actually on the rig at that time.  Tesco is the one that trained and supervised the rig workers.  The retroactive nature of the sale of its business and the retroactive nature of the employment termination and hiring of the rig workers does not change that.  Tesco cannot try to avoid liability by claiming that Turnkey, to whom it sold its entire business after the accident (but with retroactive application to midnight before the accident) is the party responsible for what was happening on the rig.  Logic dictates that Turnkey cannot be a non-party at fault and Tesco cannot try to confuse the jury and avoid liability by claiming that Turnkey was somehow responsible.

With respect to EnCana, even if Defendant is able to establish that EnCana had any responsibility on Rig #2 and did something wrong, which is Defendant's burden, Tesco's designation of EnCana as a non-party at fault in an attempt to avoid liability is improper because by its Contract with EnCana, Tesco assumed the liability of EnCana and must indemnify EnCana for any liability that EnCana may have.  Tesco is trying to avoid all liability, when in reality, all liability for what happens on the rig falls on Tesco.  If this non-party designation were allowed, it would mean that any person, such as EnCana here, could contract with another party, such as Tesco here,

to have its liability assumed, which party (Tesco) could then avoid its liability for by pointing the finger back at the other party (EnCana) whose liability it assumed. The designation of EnCana is disingenuous and EnCana should not be identified as an at-fault party on the jury instructions.

Plaintiffs further object because Defendant has the burden of presenting evidence of liability of the non-parties. Absent such evidence, this instruction cannot be given.

2. Authority for Objection:  See Facts recited above.  See Notes on Use for CJI-Civ 9:28; <u>Barton v. Adams Rental</u>, 938 P.2d 532, 536 (Colo. 1997) "([W]here a defendant designates a nonparty at fault and presents no evidence of liability, the court should not submit that claim to the jury.")

3. Alternative Instruction: No alternative provided, but if given, "fault" and "conduct" should be changed to negligence.  Defendant has not provided any instruction defining "fault."

4. Authority for Alternative:  See CJI-CIV 9:24 form instruction and Notes on Use.

**H. <u>People v. Bertagnolli</u> – Judicial Admission**

1. Plaintiffs object to this instruction, first, because the jury is not going to be deciding whether some statement by counsel was or was not a judicial admission, and second, the purported "judicial admissions" that the Defendant seeks to use here that were allegedly made during the prior EnCana Action were already deemed irrelevant and/or not admissions with respect to the claims against Tesco.  See November 30, 2011 Order (Doc. 103).

2. Authority for Objection:  The Court rejected the Defendant's judicial admission arguments in the Motion for Summary Judgment Order.  See November 30, 2011 Order (Doc. 103).

3. No alternative given or necessary.  There is no form instruction.  If a relevant fact is deemed by the Court to have been admitted, the Court simply instructs the jury as to that fact.

## I.   Finlay - Statutory Employer

1. Plaintiffs submit that the Court has decided the statutory employer issue in its November 30, 2011 Order (Doc. 103) and has found that natural gas drilling was not part of Tesco's "regular business as defined by its total business operation" at the time of the accident (November 30, 2011 Order, p.7, Doc. 103) and did not state this was an issue for the jury, as it did with respect to the statute of limitations defense.

Plaintiffs further object to this instruction because it is not a statement of law that a jury would be able to understand, apply or follow.  The jury will not be able to apply the facts to this purported statement of law to determine any material issue.  In addition, even if this is a proper statement of law, it improperly references a collateral source – worker's compensation.  The Court has already granted Plaintiffs' Motion *in Limine* to exclude evidence of collateral source, including workers compensation.

2. Authority for Objection:  See November 30, 2011 Order (Doc. 103).  See Order Granting in Part Plaintiffs' Motion *in Limine*  (Doc. 106)

3. Alternative Instruction:  Plaintiffs have not submitted an alternative instruction because Plaintiffs believe the Court has ruled on this defense.  To the extent the Court allows Defendant to raise the statutory employer defense at trial, Plaintiffs will submit accurate instructions relating to the statutory employer defense.

4. Authority for Alternate Instruction:  If given, a proper statutory employer instruction must rely on and accurately reflect the law stated in Finlay v. Storage Tech. Corp., 764 P.2d 62, 63-64, 67 (Colo. 1988); Virginians Heritage Square Co. v. Smith, 808 P.2d 366, 368-69 (Colo. App. 1991); Cowger v. Henderson Heavy Haul Trucking, Inc., 179 P.3d 116, 118-20 (Colo. App. 2007); C.R.S. §8-41-401.

## J.  Sulca and Lavarato  - Statute of Limitations

1.  These are not concrete statements of law, but rather argumentative positions on what the statute of limitations requires.  Simple, direct statements of statute of limitations law are available and will provide a more fair and accurate statement of the law. Further, the Court in its November 30, 2011 Order (Doc. 103) rejected the Defendant's citation to Lavarato v. Branney, 210 P.3d 485, 489 (Colo. App. 2009) as being distinguishable from the present action.

2. Authority for Objection:  See C.R.S.§ 13-80-108(1) (when claims accrue); C.R.S. § 13-80-102(1)(a) (two year limitations period from time claim accrues); Miller v. Armstrong World Industries, Inc., 817 P.2d 111, 113 (Colo. 1991) ("A claim for relief does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action.")

3. Alternative Instructions:  Plaintiffs have submitted the correct statements of law concerning statute of limitations.  See Plaintiffs Disputed Instructions 13, 14, 15 and stipulated instruction based on <u>Miller</u>.

4. See #2 above.

### K. CJI- CIV 9:28  - Comparative fault explanation on verdict

1.  Plaintiffs object to this instruction because the Defendant will have to prove comparative fault to allow the instruction to be given.  Defendant has the burden to establish comparative fault of Plaintiffs and non-parties.  Plaintiffs further object to the non-party designations as noted in Paragraph "G" above.

2. Authority for Objection:  Contributory negligence "is an affirmative defense, and the burden of proving it rests upon the defendant." <u>Stevens v. Strauss</u>, 147 Colo. 547, 551 (Colo. 1961). "Contributory negligence is not presumed." <u>Id</u>.  See also CJI-Civ 9:21C Special Note (comparative fault instructions to be used "in cases where the comparative negligence or fault of the plaintiff is in issue . . ..");  See Paragraph "G" above; See Notes on Use for CJI-Civ 9:28; <u>Barton v. Adams Rental</u>, 938 P.2d 532, 536 (Colo. 1997) "([W]here a defendant designates a nonparty at fault and presents no evidence of liability, the court should not submit that claim to the jury.")

3. Alternative Instruction:  No alternative instruction submitted, but if this instruction is given, the form instruction should be given as written and the word "fault" should be changed to "negligence" to be consistent with the claim of negligence.

4. Authority for Alternative:  If given, CJI-Civ 9:28 is a form instruction.

**DEFENDANT'S VERDICT FORMS:**

### 9:28A - Special Verdict Form A

1. Plaintiffs object to Defendant's verdict forms for the reasons set forth in Plaintiffs' objections contained in Paragraphs F, G, I, J, and K above.

2. Authority for Objections:  See Authority listed in Paragraphs F, G, I, J, and K above.

3. Alternative Verdict Forms:  Plaintiffs have submitted alternative Verdict Forms, Plaintiffs' Proposed Verdict Forms A, B and C.

4. Authority for Alternatives:  The Plaintiffs' Verdict Forms are based on CJI-Civ 9:26, 9:26A, 9:26B.


### 9:28B Special Verdict Form – Jennifer Phathong Loss of Consortium

1. Plaintiffs object to Defendant's verdict forms for the reasons set forth in Plaintiffs' objections contained in Paragraphs F, G, I, J, and K above.  Plaintiffs further object to this verdict form because it does not follow the form instruction for loss of consortium elements, CJI-Civ 6:5.

2. Authority for Objections:  See Authority listed in Paragraphs F, G, I, J, and K above. See also loss of consortium elements instruction, CJI-Civ 6:5.

3. Alternative Verdict Forms:  Plaintiffs have submitted alternative Verdict Forms, Plaintiffs' Proposed Verdict Forms, A, B, and C.

**9:28B - Special Verdict Form - Von Phathong**

1. Plaintiffs object to Defendant's verdict forms for the reasons set forth in Plaintiffs' objections contained in Paragraphs F, G, I, J, and K above.

2. Authority for Objections: See Authority listed in Paragraphs F, G, I, J, and K above.

3. Alternative Verdict Forms: Plaintiffs have submitted alternative Verdict Forms, Plaintiffs' Proposed Verdict Forms A, B and C.

4. Authority for Alternatives: The Plaintiffs' Verdict Forms are based on CJI-Civ 9:26, 9:26A, 9:26B.

WHEREFORE, Plaintiffs respectfully request the Court reject the Defendant's Proposed Disputed Instructions, and for such further relief as the Court deems just, reasonable, and proper.

Respectfully submitted this 14th day of May, 2012.

> BURG SIMPSON
> ELDREDGE HERSH & JARDINE, P.C.
> *(Original signed copy on file at the law offices of Burg Simpson Eldredge Hersh & Jardine, P.C.*
>
> /s/ Steven G. Greenlee
> Michael S. Burg
> Holly B. Kammerer
> Steven G. Greenlee
> Burg Simpson
> Eldredge Hersh & Jardine, P.C.
> 40 Inverness Drive East
> Englewood, CO 80112
> Phone: 303-792-5595
> Fax: 303-708-0527
> E-Mail: mburg@burgsimpson.com
> hkammerer@burgsimpson.com
> sgreenlee@burgsimpson.com
> *Counsel for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Objections to Defendant's Disputed Instructions were duly served this 14th day of May, 2012 to each of the following via ECF Filing and/or facsimile and/or U.S. Mail postage prepaid:

Richard A. Waltz
The Waltz Law Firm
1660 Lincoln Street, Suite 2510
Denver, CO 80264
Telephone: (303) 830-8800
Facsimile: (303) 830-8850
Email: dwaltz@waltzlaw.com

/s/ Mallory DeSanto
Mallory DeSanto