**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00780-WJM-MJW

VON J. PHATHONG, and
JENNIFER D. PHATHONG,

      Plaintiffs,

v.

TESCO CORPORATION (US),

      Defendant.

---

**ORDER DIRECTING CLERK TO ENTER JUDGMENT FOR PLAINTIFFS**

---

Following a seven day trial, the jury returned a verdict in this matter on June 12, 2012.  (ECF No. 175-10.)  The jury found that Defendant had failed to meet its burden of showing that Plaintiffs' claims accrued prior to April 6, 2008.  (*Id*. at 1.)  The jury then found in favor of Plaintiff Von Phathong on his negligence claim and awarded him the following damages:

| | | |
|---|---|---|
| a. | Non-Economic Damages: | $ 325,000 |
| b. | Economic Damages: | $ 1,906,000 |
| c. | Damages from Physical Impairment or Disfigurement | $ 325,000 |
| d. | Punitive Damages | $ 1,500,000 |

(*Id*. at 2.)  With regard to allocation of fault, the jury attributed 90% of the fault to Defendant and 10% to non-party Encana Corporation.  (*Id*.)  The jury also found in favor of Plaintiff Jennifer Phathong on her loss of consortium claim and awarded her $75,000 in non-economic damages.  (*Id*. at 3.)

Based on this verdict, the Court orders the Clerk to enter judgment in accordance with the following.

## A.    Allocation of Fault

As set forth above, the jury allocated 90% of the fault to Defendant and 10% to non-party Encana.  Colorado law provides that "no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant."  Colo. Rev. Stat. § 13-21-111.5(1).  Therefore, the Court must reduce by ten percent the amount awarded to Plaintiff for non-economic damages, economic damages, and physical impairment or disfigurement.  *See Slack v. Farmers Ins. Exchange*, 5 P.3d 280, 283 (Colo. 2000).  Because Jennifer Phathong's loss of consortium claim is derivative of Von Phathong's negligence claim, the Court must also reduce the damages awarded to Jennifer Phathong by ten percent.  *Id*. at 287 ("the apportionment of fault for the loss of consortium must match the apportionment of fault for the underlying injury.").   However, the amount awarded for punitive damages is not reduced by the allocation of fault.  *Lira v. Davis*, 832 P.2d 240, 243 (Colo. 1992).

Reduced in accordance with the jury's apportionment of fault, the Court finds that Plaintiff Von Phathong shall be awarded the following:

| | | |
|---|---|---|
| a. | Non-economic damages: | $   292,500 |
| b. | Economic Damages: | $ 1,715,400 |
| c. | Damages from Physical Impairment or Disfigurement | $   292,500 |
| d. | Punitive Damages | $ 1,500,000 |

Jennifer Phathong shall be awarded non-economic damages in the amount of $67,500.

**B.      Prejudgment Interest**

Colorado law mandates that the Court award pre-judgment interest where, as here, the Plaintiffs have so requested.  Colo. Rev. Stat. § 13-21-101(1).  The Colorado pre-judgment interest statute provides that Plaintiffs are entitled to nine percent interest, compounded annually, on all of their "damages".  *Id*.  The Colorado Supreme Court has interpreted Section 13-21-101 as allowing pre-judgment interest on all compensatory damages, but not on punitive damages.  *Seaward Constr. Co. v. Bradley*, 817 P.2d 971, 979 (Colo. 1991).  Therefore, Plaintiffs are entitled to pre-judgment interest in the jury's award of economic damages[1], physical impairment and disfigurement, and non-economic damages.  *See Foster ex rel. Foster v. Phillips*, 6 P.3d 791, 793 (Colo. App. 1999) ("Non-economic damages are still compensatory damages.").  The statute does not differentiate between damages awarded for past or future losses and the Court need not discount the pre-judgment interest simply because Plaintiffs' expert already accounted for inflation in her testimony regarding damages.  *See Mumford v. Hughes*, 852 P.2d 1289, 1291 (Colo. App. 1993) ("the prejudgment interest statute does not distinguish between past and future damage awards"); *Cook v. Rockwell Intern. Corp.*, 564 F.Supp.2d 1189, 1223 (D. Colo. 2008) (court does not discount pre-judgment interest when expert already accounted for inflation).  Accordingly, the Court must award pre-judgment interest on Von Phathong's damage award of $2,300,400 and Jennifer Phathong's damage award of $67,500.

---

[1]  The Court must award pre-judgment interest on both past and future economic losses found by the jury.

The Court must next determine the date on which pre-judgment interest began to accumulate.  The Colorado statute mandates that pre-judgment interest be awarded from either: (1) the date the case is filed; or (2) the date the claim accrued.  *Id*.

Plaintiffs bear the burden of proof on the amount of damages to which they are entitled, including pre-judgment interest.  *Buckley Power Co. v. State*, 70 P.3d 547, 563 (Colo. App. 2002) ("A plaintiff bears the burden of proof on both the fact and the amount of damages.  Interest is a component of a damage award.").  The only finding made by the jury with respect to the accrual of Plaintiffs' claim was that Defendant had not met its burden of showing that Plaintiffs' claim accrued before April 6, 2008.  (ECF No. 175-10 at 1.)  The jury made no finding with respect to an actual date on which Plaintiffs' claims accrued.

Although there was some testimony at trial about when Plaintiffs learned of the retroactive nature of the sale of Defendant's drilling operations to Turnkey[2], that testimony was not specific with respect to a date that such knowledge was acquired. The testimony was focused on showing only that Plaintiffs learned of the retroactive nature of the sale sometime after April 6, 2008 for the purposes of defeating Defendant's statute of limitations defense.  The testimony was not sufficiently specific to permit the Court to determine a particular date on which the Plaintiffs' claims accrued.  Therefore, the Court finds that Plaintiffs have failed to meet their burden of producing sufficient evidence to allow the Court to find a particular date upon which

---

[2]  It was the retroactive nature of this sale that caused Defendant to not be Von Phathong's statutory employer at the time of the accident and allowed Plaintiffs to bring this action.

their claims accrued for purposes of calculating pre-judgment interest.

Because Plaintiffs have failed to meet their burden of establishing a particular date for accrual of their causes of action, the Court will award pre-judgment interest from the date on which this action was commenced.  Colo. Rev. Stat. § 13-21-101(1). The record shows that this action was filed on April 6, 2010.  (ECF No. 1.)  The statute provides that pre-judgment interest shall be awarded at a rate of nine percent, compounded annually from the date such suit is filed.  Colo. Rev. Stat. § 13-21-101(1). The interest on Plaintiff Von Phathong's compensatory damages of $2,300,400 for the period from April 6, 2010 until the date of the entry of judgment[3] at a rate of 9% compounded annually is $ 483,248.96.[4]  The interest on Plaintiff Jennifer Phathong's compensatory damages of $67,500 at a rate of 9% compounded annually from the date of April 6, 2010 until entry of judgment is $ 14,179,85[5].

## C.    Post-judgment Interest

While pre-judgment interest is governed by Colorado law, *Webco Indus., Inc. v. Thermatool Corp.*, 278 F.3d 1120, 1134 (10th Cir. 2002), post-judgment interest on a

---

[3] Although the Colorado statute provides that pre-judgment interest shall continue to accumulate until the judgment is satisfied, *see* Colo. Rev. Stat. § 13-21-101, this provision does not apply in federal court because post-judgment interest is governed by 28 U.S.C. § 1961. *See Huffman v. Caterpillar Tractor Co.*, 645 F.Supp. 909, 911 (D. Colo. 1986).

[4] This figure derives from the Court's calculation that Von Phathong would accumulate the following interest:  $ 207,036.00 between April 6, 2010 and April 6, 2011; $ 225,669.24 between April 6, 2011 and April 6, 2012; and $ 50,5043.72 between April 6, 2012 and June 19, 2012 (75 days).  The total of these figures is $ 483,248.96.

[5] This figure derives from the Court's calculation that Jennifer Phathong would accumulate the following interest: $ 6,075.00 between April 6, 2010 and April 6, 2011; $6,621.75 between April 6, 2011 and April 6, 2012; and $ 1,483.10 between April 6, 2012 and June 19, 2012 (75 days).  The total of these figures is $ 14,179.85.

federal court judgment is governed by 28 U.S.C. § 1961.  *United States v. Gaechter Outdoor Advertising Inc.*, 221 F.3d 1353 (10th Cir. 2000).  The rate of such interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Accordingly, the Clerk shall award Plaintiffs post-judgment interest at the applicable rate.

**D.     Conclusion**

For the reasons set forth above, the Court ORDERS that the Clerk shall enter judgment as follows:

1.      In favor of Plaintiff Von Phathong and against Defendant Tesco Corporation in the amount of $ 3,800,400 for compensatory and punitive damages and $ 483,248.96 in pre-judgment interest;

2.      In favor of Plaintiff Jennifer Phathong and against Defendant Tesco Corporation in the amount of $ 67,500 for compensatory damages and $ 14,179.84 in pre-judgment interest;

3.      Post-judgment interest shall accrue at the applicable rate in accordance with 28 U.S.C. § 1961.

Dated this 19th day of June, 2012.

BY THE COURT:

William J. Martínez
United States District Judge

6