**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00780-WJM-MJW

VON J. PHATHONG, and
JENNIFER D. PHATHONG,

    Plaintiffs,

v.

TESCO CORPORATION (US),

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT**

---

Following a jury trial, verdict, and damages awarded in favor of Plaintiffs, final judgment was entered in this action on June 19, 2012, in favor of Plaintiff Von Phathong and against Defendant in the amount of $3,800,400 in compensatory and punitive damages and $483,248.96 in pre-judgment interest, and in favor of Plaintiff Jennifer Phathong and against Defendant in the amount of $67,500 in compensatory damages and $14,179.84 in pre-judgment interest, for a total judgment in the amount of $4,365,328.80.  (ECF No. 178.)  Post-judgment interest is accruing at the rate of 0.18%.  (*Id.*)

On July 17, 2012, Defendant filed a Rule 50(b) Motion or, in the Alternative, a Motion for a New Trial ("Motion for a New Trial") (ECF No. 181), which remains pending.

Then, on July 25, 2012, Defendant filed a Rule 62(b) Motion to Stay Execution of Judgment (the "Motion to Stay").  (ECF No. 182.)  The Court herein resolves the Motion to Stay.  Plaintiffs have filed a Response to the Motion to Stay (ECF No. 185), and

Defendant has filed a Reply (ECF No. 188).

In the Motion to Stay, Defendant argues that the Court should stay execution of the judgment because if the Court grants Defendant's Motion for a New Trial, the judgment will be void, and if the Court denies Defendant's Motion for a New Trial, Defendant will appeal and will need to post a *supersedeas* bond anyway. In response, Plaintiffs do not oppose a stay of execution of the judgment, but demand that Defendant be required to post a sufficient bond before the stay takes effect. Defendant argues in reply that it should not be required to post a bond.

Federal Rule of Civil Procedure 62(b) provides, "*On appropriate terms for the opposing party's security*, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of [a Rule 50 or Rule 59 motion]" (emphasis added). Case law also indicates that it is appropriate to require the posting of a bond to secure the judgment pending disposition of a post-trial motion. *See, e.g.*, *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor."); *Pruett v. Skouteris*, No. 2:09-cv-02600, 2011 WL 282435, at *7 (W.D. Tenn. Jan. 6, 2011) ("Although a court may forego the requirement of a bond in certain circumstances, there is a presumption in favor of requiring a bond, and the party seeking the dispense with the requirement bears the burden of showing why a bond should not be required.").

Defendant has not shown good cause for why a bond should not be required. Further, the sole case cited by Defendant involved the question of the effect of a post-trial motion on a judgment *lien*, not on whether a bond to secure a judgment should be

required.  *See Anastos v. M.J.D.M. Truck Rentals, Inc.*, 521 F.2d 1301, 1304 n.5 (7th Cir. 1975).

Further, the Court finds Plaintiffs' request for the bond to be in the amount of the judgment plus two-years of post-judgment interest to be reasonable.  *Cf. U.S. ex rel. Sun Const. Co., Inc. v. Torix General Contractors, LLC*, No. 07-cv-01355, 2011 WL 2182897, at *2 (D. Colo. June 6, 2011) ("In most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay.") (quotation marks omitted).  The Court calculates two years of post-judgment interest on the judgment to be $15,729.32.  Thus, the total amount of the required bond to be accepted by the Court and for the stay to take effect will be in the amount of $4,381,058.12.

In accordance with the foregoing, the Court hereby ORDERS that Defendant's request to stay the execution of the judgment is GRANTED **CONTINGENT ON** the Defendant's delivery to the Clerk of Court, and the Clerk's approval of, a bond in the amount of $4,381,058.12.

SO ORDERED.

Dated this 23rd day of August, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge