**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00780-WJM-MJW

VON J. PHATHONG, and
JENNIFER D. PHATHONG,

    Plaintiffs,

v.

TESCO CORPORATION (US),

    Defendant.

---

**ORDER GRANTING MOTION FOR RECONSIDERATION
REGARDING COSTS TO BE AWARDED**

---

Following a jury trial, verdict, and damages awarded in favor of Plaintiffs in this action, final judgment was entered on June 19, 2012 in favor of Plaintiffs and against Defendant in the total amount of $4,365,328.80 in damages and pre-judgment interest. (ECF No. 178.)  On August 9, 2012, a Deputy Clerk of the Court taxed costs in the amount of $12,805.62 against Defendant.  (ECF No. 189.)

Plaintiffs have now filed a Motion for Reconsideration ("Motion") regarding certain alleged costs that were denied by the Deputy Clerk.  (ECF No. 189.)  Defendant has filed a Response to the Motion.  (ECF No. 194.)  The Motion is now ripe for adjudication.  (*See* ECF No. 191.)  For the following reasons, the Motion is GRANTED.

### I. ANALYSIS

**A.**    **Depositions Taken in *EnCana* Action**

Plaintiffs seek recovery of the $3,505.21 in costs for obtaining transcripts from

four depositions taken in the related *EnCana* state court action (those of Plaintiff Von Phathong, Plaintiff Jennifer Phathong, O.D. Chum Pharris, and Joel Fox).  The Deputy Clerk denied recovery of these costs because they were taken in other litigation, not in this action.

Plaintiffs represent, and Defendant does not dispute, that the parties stipulated to the use of these depositions in this action.  Plaintiffs argue that, had the parties not so stipulated, the depositions would have been retaken in this action, and the costs of obtaining those transcripts would have been incurred in this action.  Defendant responds by arguing that, when the costs of obtaining transcripts were incurred by Plaintiffs, this action had not even been filed yet, so the costs incurred were clearly not reasonably necessary for use in this case.

28 U.S.C. § 1920(2) provides, "A judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  Although the parties do not cite to any relevant case law, the Court has found several instances in which courts have awarded costs under similar circumstances.  *See E.E.O.C. v. Sears, Roebuck and Co.*, 138 F.R.D. 523, 527 (N.D. Ill. 1991) (awarding copying costs for depositions taken in other actions, explaining, "Sears and EEOC stipulated that these depositions may be used [in this case].  It plainly appears from the stipulation that the depositions were intended for use in this action no less than in other actions.")[1]  Public policy considerations also support this result: to rule

---

[1] *See also Davis v. Williams*, No. CV 508–041, 2010 WL 1955935, at *2 (S.D. Ga. May 13, 2010) ("Plaintiff argues that an $81.00 charge for the deposition transcript of Peter C. Sisserson, Jr. is not taxable because Sisserson was deposed in connection with another case. Nothing in 28 U.S.C. § 1920, however, requires that the deposition from which the transcript is

2

otherwise and disallow these costs would encourage parties to re-depose witnesses in later, similar litigation, rather than arriving at stipulations, such as the one at issue, designed to streamline and reduce the costs of litigation.

The costs for the transcripts of the four depositions from the EnCana action are properly taxed here.

**B.     Depositions of Plaintiffs' Experts**

Plaintiffs also seek recovery of the $1,471.32 in costs allegedly incurred in obtaining the transcripts from depositions of Plaintiffs' three experts: John C. Magill, James Gracey, and Austin Gleason. The Deputy Clerk denied recovery of these costs on the ground that the depositions were "not used" in the litigation.

Plaintiffs argue that "[i]t would likely be malpractice in a case of this magnitude for Plaintiffs' attorney not to obtain a transcript of the Plaintiffs' experts depositions to prepare for critical and necessary expert testimony at trial." In response, Defendant argues that transcripts of the depositions of a party's own witnesses are not "necessarily obtained for use in the case" simply because they are used to prepare one's own witnesses to testify at trial.

The Court finds it appropriate to tax these costs because of the importance of the witnesses involved. It is certainly true that obtaining deposition transcripts to prepare one's own witness for trial is not always "necessary" under 28 U.S.C. § 1920, as opposed to simply being convenient or marginally useful. However, with crucial

---

made be taken in the case sub judice. . . . The non-prevailing party bears the burden of showing that the cost of a particular deposition transcript was not necessary for use in the case. Here, Plaintiff has not satisfied this burden."); *Blickley v. Ford*, No. 6:08-cv-1866, 2011 WL 1376972, at *1 (M.D. Fla. Apr. 12, 2011).

witnesses, such as in this case Plaintiffs' expert witnesses, the Court finds that the deposition transcripts in these circumstances were "necessarily obtained" for use in the case under 28 U.S.C. § 1920. *See James River Ins. Co. v. Rapid Funding, LLC*, No. 07-cv-01146, 2010 WL 965523, at *9 (D. Colo. Mar. 16, 2010) (awarding costs for deposition transcripts used to prepare witnesses for trial), *reversed on other grounds*, 658 F.3d 1207 (10th Cir. 2011).

**C.     Deposition of Juan Galvan**

Plaintiffs further argue that they should be awarded $132.26 in costs for obtaining the deposition transcript of Juan Galvan. The Deputy Clerk denied the costs because the deposition transcript was not ultimately used.

Plaintiffs argue that Defendant designated the Galvan deposition to be read at trial, so it was necessary to obtain the transcript for purposes of counter-designations. Plaintiffs argue that they should not be penalized because Defendant did not ultimately call Mr. Galvan at trial. Defendant does not respond to this issue in its Response. The Court agrees with Plaintiffs, and finds the costs properly awarded. *See id.* ("[D]epositions need not actually be used at, or even designated for use at, trial in order for a party to recover their costs.").

**D.     Service of Process Fees for Lynch and Pharris Depositions**

Plaintiffs also seek $389.00 in service of process fees for the Lynch and Pharris depositions taken in the *EnCana* action. The Deputy Clerk did not explain why these costs were denied. Defendant does not specifically dispute these costs, other than its general argument that costs related to depositions taken in the *EnCana* action are not awardable. For the reasons expressed above, the Court finds these costs to be

4

properly taxed. *See also Karsian v. Inter-Regional Fin. Grp., Inc.*, 13 F. Supp. 2d 1085, 1087-88 (D. Colo. 1998) ("Section 1920(1) provides for taxation of costs incurred in obtaining service of process.").

**E.     Witness Fee and Travel Expenses for John C. Magill Deposition**

Finally, Plaintiffs seek recovery of the $151.00 in witness fee and travel expenses for John C. Magill's deposition. The Deputy Clerk also did not explain why these costs were denied. And again, Defendant does not dispute the propriety of awarding these costs. The Court finds these costs to be properly awarded. *See* 28 U.S.C. § 1821.

## II. CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1)     Plaintiffs' Request for Reconsideration of the Denied/Reduced Costs (ECF No. 189) is GRANTED;

(2)     The Order taxing costs in the amount of $12,805.62 against Defendant (ECF No. 187) is VACATED; and

(3)     Costs are hereby TAXED in the amount of $18,454.41 in favor of Plaintiffs and against Defendant.

Dated this 3rd day of October, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge

5